IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | Criminal Action No. **3:19-CR-160-L** |
| BRANDON PARRISH (2) | § § | |

### ORDER

On May 20, 2020, United States Magistrate Judge David L. Horan entered the Second Amended Findings, Conclusions, and Recommendation of the United States Magistrate Judge (the "Second Amended Report") (Doc. 102), denying Defendant Brandon Parrish's ("Defendant") Supplemental Emergency Motion to Revoke Detention Order, or in the Alternative, for Temporary Release Under 18 U.S.C. § 3142(i) ("Motion") (Doc. 91). After consideration of the motion, record, and Second Amended Report, the court **accepts** the Second Amended Report (Doc. 102) and **denies** Defendant's Motion (Doc. 91).

I.   **Factual and Procedural Background**

Defendant is charged in a superseding indictment with the following: (1) Conspiracy to Interfere with Commerce by Robbery, in violation of 18 U.S.C. § 1951(a); (2) Interference with Commerce by Robbery, Aiding and Abetting, in violation of 18 U.S.C. § 1951(a) and 2; (3) Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence, Aiding and Abetting, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 2; and (4) Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  Doc. 53.

During Defendant's initial appearance, a Federal Public Defender was appointed to represent him. On March 6, 2019, Defendant waived his right to a detention hearing and was ordered detained.  On April 7, 2020, Defendant filed a *pro se* Emergency Motion for

Reconsideration of Bail (Doc. 86) due to the COVID-19 Pandemic ("Pandemic"), which was denied because he is represented by counsel. On April 10, 2020, Defendant's counsel filed a Supplemental Emergency Motion to Revoke Detention Order, or in the Alternative, for Temporary Release under 18 U.S.C. § 3142(i).

In Defendant's Motion, he seeks reconsideration of his detention order and requests immediate release under 18 U.S.C. § 3145(b), and the Fifth, Sixth, and Eighth Amendments to the United States Constitution in the wake of the Pandemic. Alternatively, he sought temporary release under 18 U.S.C. § 3142(i), which allows for "temporary release" of an individual in pretrial custody "to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." Specifically, Defendant contends that when he initially waived his right to a detention hearing, circumstances were different, as the COVID-19 Pandemic was not an issue of concern. Additionally, he asserts that the Pandemic warrants his pretrial release for the following reasons: (1) conditions at Dallas County Jail, where he is detained, "create a heightened risk of a widespread outbreak and a serious and potentially deadly health risk to [him]" (Def.'s Mot. 1); (2) being incarcerated makes him more susceptible to contracting COVID-19, even though he has no health problems, because COVID-19 itself is a dangerous disease and rapidly spreading; and (3) his attorney is unable to visit him in jail because of the Pandemic. For these reasons, Defendant contends that the detention order should be revoked or that he should be allowed temporary release under Section 3142(i) until the Pandemic is over.

After consideration of Defendant's Motion, Magistrate Judge Horan entered the Original Report (Doc. 93) on April 14, 2020, recommending that the court deny Defendant's Motion on all grounds. He entered the First Amended Report the following day, after the Government filed its

Response to Defendant's Motion (Doc. 94).  Objections were to be filed no later than April 29, 2020, but none were filed.

On May 1, 2020, Defendant's counsel filed a Response to the First Amended Report (Doc. 98).  She did not raise any objections. Instead, she provided additional information in support of Defendant's request for relief.  Specifically, she asserted that due to the Pandemic, she was unable to visit the jail to confer with Defendant due to restrictions in place by the Federal Public Defender.  Defendant's girlfriend, however, informed her via e-mail on April 16, 2020, that Defendant had been in contact with someone who tested positive for COVID-19.  The girlfriend further noted that Defendant was not provided a mask until it was proven that he was exposed to COVID-19, and that he was not able to wash his hands when he wanted because there sometimes is no hand soap available.  Defense Counsel also notes that Defendant has asthma and takes Albuterol for his condition. She further acknowledged that due to her inability to visit the jail, she had not confirmed this information.  Nonetheless, Defendant's counsel contends that this new information is sufficient to re-open Defendant's detention hearing.

On May 11, 2020, the court recommitted this action to the Magistrate Judge for consideration of the new information presented by Defense Counsel.  Additionally, the court ordered  Defense Counsel to file a response explaining why the new information presented was not filed until May 1, 2020, when she was aware of the information, by her own admission,  well before April 29, 2020—the deadline to file objections to the First Amended Report.  She filed her response on May 13, 2020.

After considering the additional information from Defendant's counsel, Magistrate Judge Horan entered the Second Amended Report, reurging his recommendation that the court deny Defendant's Motion on all grounds.  No objections to the Second Amended Report were filed.

As a Second Amended Report was filed, the court determines that the Findings, Conclusions, and Recommendation of the United States Magistrate Judge (Doc. 93) and Amended Findings, Conclusions, and Recommendation of the United States Magistrate Judge (Doc. 95) are **moot.**

## II. Magistrate Judge's Second Amended Report

In the Second Amended Report, Magistrate Judge Horan addressed each of Defendant's assertions in turn.

### A. 18 U.S.C. § 3145(b)

Magistrate Judge Horan determined that Defendant's request for relief under Section 3145(b) is untimely, as he waited over a year to file his Motion, and "the grounds that he raises can be properly analyzed under 18 U.S.C. §§ 3142(f) and 3142(i)." Second Am. Report 8. Thus, Magistrate Judge Horan determined that Defendant waived his right for review, and any review of the detention order is at the discretion of the district court. He, therefore, recommends that the court view Defendant's Motion as untimely, to the extent it seeks review of the detention order under Section 3145(b), and decline to exercise its discretion to review the detention order under that provision.

### B. 18 U.S.C. § 3145(f)

Magistrate Judge Horan determined that Defendant's request to reopen his detention hearing pursuant to Section 3142(f) fails because he does not present any new, material evidence in his original Motion that was unavailable to him at the time of the detention hearing. Additionally, he determined that Defendant's general assertions regarding the impact of COVID-19 on African Americans and the jail population are unpersuasive. Specifically, he notes that this court and others in the district have determined that such generalized arguments are not specific to

Order – Page 4

one defendant but, instead, would suggest that all detainees should be released under these circumstances, which is not in the best interest of justice. *See* Second Am. Report 11-12 (citing *United States v. Munguia*, No. 3:19-cr-191-B (03), 2020 WL 1471741, at *4 (N.D. Tex. Mar. 26, 2020); and *United States v. Kerr*, No. 3:19-cr-296-L, 2020 WL 1529180, at *3 (N.D. Tex. Mar. 31, 2020)).

Additionally, Magistrate Judge Horan highlights that in response to his First Amended Report, Defendant's counsel presented the following information, as previously summarized by the court:

> According to the information provided by Defendant's girlfriend, Defendant has been in contact with someone who tested positive for COVID-19. The girlfriend further noted that he was not provided a mask until it was proved that he was exposed to COVID-19 and that he is not able to wash his hands when he wants because sometimes there is no hand soap available. She also noted that Defendant has asthma and takes Albuterol for his condition. Defendant's counsel acknowledged that due to her inability to visit the jails, she has not confirmed this information with Defendant; however, she has provided his girlfriend with contact information for him to reach her. Nonetheless, Defendant's counsel contends that this new information is sufficient to re-open his detention hearing and requests that the court grant this request.

Second Am. Report 13 (quoting Doc. 100 at 1-2). He determined, however, that, even considering this additional information, Defendant fails to "offer any information that would address or 'ha[ve] a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.'" *Id.* at 13 (quoting 18 U.S.C. § 3142(f)). He further stated:

> The conditions at Dallas County Jail and any possible exposure that [Defendant] may have had to COVID-19 do not, alone, amount to information that would be relevant to, or enable [him] to show he can overcome, the rebuttable presumption and show that he is neither a flight risk nor a danger to the community and can be released pending trial on a combination of conditions that would reasonably assure the appearance of the person as required and the safety of any other person and the community.

*Id.* For these reasons, Magistrate Judge Horan recommends that Defendant's request as construed as a motion to reopen his detention hearing under 18 U.S.C. § 3142(f)(2) be denied.

### C. Eighth and Fifth Amendments

Magistrate Judge Horan also recommends that the court deny Defendant's request for release under the Eighth and Fifth Amendments, relying on a thorough analysis of these standards in the context of COVID-19 conducted by another judge in this district. *See* Second Am. Report 14-15 (quoting *United States v. Preston*, No. 3:19-cr-651-K, 2020 WL 1819889, at *3-4 (N.D. Tex. Apr. 11, 2020) (citations omitted)). Relying on the analysis in *Preston*, Magistrate Judge Horan determined that Defendant "has not offered evidence or facts that support a finding that his continued pretrial detention in the Dallas County Jail is not reasonably related to a legitimate governmental objective or – assuming that the standards that he cites even apply in this context, *see* Dkt. No. 91 at 9-10 – poses a substantial risk of serious harm with the detaining official's state of mind reflecting deliberate indifference to inmate health or safety." Second Am. Report 15-16. Accordingly, he recommends that Defendant's Motion, to the extent he relies on the Fifth and Eighth Amendments, be denied on this basis as well.

### D. Sixth Amendment

Defendant contends his immediate "release is appropriate in protection of his Sixth Amendment right." Doc. 91 at 10. Specifically, he asserts that he is unable to meet with his counsel due to: (1) Dallas County Jail's restrictions on visits to inmates; (2) prohibitions on assistant federal public defenders visiting Dallas County Jail per office procedure; (3) issues with the Dallas County Jail telephone system; and (4) the Protective Order in this action, which limits counsel's ability to send him discovery via e-mail. Accordingly, he contends that the "[P]andemic

has created changed circumstances in our criminal justice system that warrant[] a reconsideration of [his] detention, and the facts support his request to be released on bond." *Id.*

Considering these factors, Magistrate Judge Horan recommends that Defendant's request for release under the Sixth Amendment be denied, as "access to counsel is not a factor to be considered under 18 U.S.C. § 3142(g)," and, even assuming that restrictions to communication and contact with counsel due to the Pandemic constitutes an infringement upon Defendant's Sixth Amendment right, he fails to cite any authority that authorizes his release as an appropriate remedy. Second Am. Report 17.

### E. 18. U.S.C. § 3142(i)

Magistrate Judge Horan recommends that, for the same reasons discussed above with respect to Defendant's request under the Sixth Amendment, Defendant's request for temporary release under Section 3142(i) should also be denied. He further notes that "the restrictions to which [Defendant] points as infringing or threatening his Sixth Amendment right to counsel are temporary, and his trial has been continued until November 2020." Second Am. Report 19. Thus, he determined that Defendant "has not met his burden to show that his release at this time . . . is necessary for preparing his defense despite the restrictions imposed at the Dallas County jail and – as [his] counsel acknowledges – by the Federal Public Defender." *Id.*

Additionally, Magistrate Judge Horan recommends that the court deny Defendant's alternative request for release under Section 3142(i). He reiterates that the conditions at Dallas County Jail and Defendant's possible exposure to COVID-19 does not, alone, rise to the level of a "compelling reason" for his temporary release, as he fails to show that he can overcome the rebuttable presumption that he is neither a flight risk nor a danger to the community, and that he can be released with a combination of conditions that would reasonably assure his appearance and

the safety of the community. Thus, Magistrate Judge Horan determined that Defendant presents no factual basis demonstrating that "his release would be appropriate under 18 U.S.C. § 3142(c) and (e), after considering the 18 U.S.C. § 3142(g) factors, and, under those circumstances, his concerns regarding COVID-19 at his detention facility and his possible exposure alone do not justify temporary release to an 'appropriate person' under 18 U.S.C. § 3142(i)." Second Am. Report 19 (citing *Kerr*, 2020 WL 1529180, at *3) (citation omitted). Magistrate Judge Horan, therefore, recommends that the court determine that Defendant has "failed to meet his burden under 18 U.S.C. § 3142(i) to show that his temporary release from detention is necessary at this time for the preparation of his defense or for another compelling reason," and deny his motion on this basis as well. Second Am. Report 20.

### III. Court's Analysis

After consideration of the motion, responses, record, Second Amended Report, and applicable law, the court determines that the findings and conclusions of the Magistrate Judge are correct, and **accepts** them as those of the court. Accordingly, the court determines that Defendant has failed to meet his burden to show that his immediate release is warranted under 18 U.S.C. § 3145(b), or the Fifth, Sixth, or Eighth Amendments of the United States Constitution. It further determines that Defendant has failed to meet his burden for temporary release under 18 U.S.C. § 3142(i). Accordingly, the court **denies** Defendant's Supplemental Emergency Motion to Revoke Detention Order, or in the Alternative, for Temporary Release under 18 U.S.C. § 3142(i) (Doc. 91).

**It is so ordered** this 29th day of July, 2020.

Sam A. Lindsay
United States District Judge